UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

JOSE F. SANTOS, ET AL.,              )
        Plaintiffs                   )
                                     )
              v.                     )  C.A. No. 12-cv-30060-MAP
                                     )
PREFERRED MUTUAL INSURANCE           )
COMPANY,                             )
        Defendant                    )


             MEMORANDUM AND ORDER REGARDING
          DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
                      (Dkt. No. 18)

                     April 15, 2013

PONSOR, U.S.D.J.

   This case arises from the explosion of an oil tank at Plaintiffs' residence on November 3, 2011.  Plaintiffs have sued Defendant Preferred Mutual Insurance Company, alleging breach of contract, unfair trade practices under Mass. Gen. Laws ch. 93A, and violation of the implied covenant of good faith.  They also seek a declaratory judgment.

   Defendant filed a Motion for Summary Judgment (Dkt. No. 18), contending that under Mass. Gen. Laws ch. 175, § 99, Plaintiffs were obliged, before bringing suit, to undergo a procedure by which their claim for loss "shall be referred to three disinterested men."  This referral mechanism is mandatory whenever "the parties failed to agree upon the amount of loss."  Id.

Plaintiffs points out that this lawsuit includes claims for a disputed amount of loss, but also seeks a declaratory judgment and an award of damages based upon Defendant's abusive practices during the claims process.  The latter two claims, Plaintiffs argue, do not require any referral under Mass. Gen. Laws ch. 175, § 99.

Under these circumstances, the simplest, fairest, and most practical approach is to stay this case to permit referral as required by § 99.  Once this is completed, the parties may return to this court if the matter has not been resolved and proceed with the litigation on all counts.  At least one judge of this district has adopted this approach. <u>M.A.S. Realty Corp. v. Travelers Cas. & Sur. Co. Illinois</u>, 196 F. Supp. 2d 41, 47 (2001) (Gorton, J.).

Defendant's argument that summary judgment should enter for Defendant on all counts, even those not appropriate for referral pursuant to § 99, based upon Plaintiffs' failure to proceed with the referral, is too much of a stretch.  The statute applies only to a sub-set of disputes between a policyholder and an insurance company -- <u>i.e.</u>, those where the dispute centers only on a disagreement about the amount of loss -- and not to any and all controversies.  Under the court's approach, both sides will have a fair opportunity to employ the referral process and, if they desire, to proceed

with litigation if the matter is not resolved.

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 18) is hereby DENIED, without prejudice.  It is the court's intention that the referral process be completed promptly.  Plaintiffs' counsel will report to this court in writing on or before June 14, 2013, regarding the evolution of the referral process.  All action in this case is hereby STAYED, pending completion of the referral.  At the conclusion of the referral process, the court will refer the matter to Magistrate Judge Kenneth P. Neiman, so that he can issue a new scheduling order for completion of all pretrial proceedings.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge